# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 26, 2009

138330 & (44)(45)

PEOPLE OF THE STATE OF MICHIGAN,
             Plaintiff-Appellee,

v

LATOSHA ANN CARTER,
             Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138330
COA: 279911
Kalamazoo CC: 05-002384-FH

By order of April 15, 2009, this Court granted immediate consideration and a stay of trial court proceedings. On order of the Court, the application for leave to appeal the February 10, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court. The stay of trial court proceedings, ordered on April 15, 2009, is DISSOLVED.

CORRIGAN, J. (*concurring*).

I concur in the order denying leave to appeal. Although I dissented in *People v Smith,* 482 Mich 292 (2008), I join the order here because of unanswered questions. The Court of Appeals reasonably remanded this case for resentencing because the trial court appears not to have fully considered all the relevant circumstances in imposing a probationary sentence. The trial court departed downward from the sentencing guidelines' recommended minimum sentence range of 51 to 85 months of imprisonment. Defendant claimed that her two convictions for delivery of 50 to 450 grams of cocaine resulted from her having temporarily fallen in with the wrong crowd and trying to protect her boyfriend who was a drug dealer. She asked the court to show mercy on her because she is a single mother. In departing downward, the court reasoned that defendant had indeed cleaned up her life after having been involved in the drug trade. I question the soundness of this conclusion.

The discussion at sentencing failed to acknowledge the identity of the father of defendant's baby. It seems the baby's father was defendant's coconspirator, the subject

of the underlying police investigation and apparently a major drug dealer. Further, although defendant's convictions resulted from her acts in 2004, her son was only one year old at the time of her 2007 sentencing.

Clearly, defendant's relationship with her drug dealing boyfriend continued well after 2004. Defendant states that her child's father is now imprisoned in another state. The record does not reveal how long he will remain there or whether he has an ongoing relationship with his son that is facilitated by defendant.

The lack of information on these points creates a significant gap in the facts underlying the trial court's reasoning. The departure was based on defendant's alleged change in circumstances. The judge opined that defendant had been entrapped by her boyfriend, who may have set her up as a middleman, in order to protect himself during the police investigation. The judge seemed to view defendant's conduct as being in the past, but he did not explore the nature of her current relationship with her drug dealing boyfriend. For these reasons, I encourage the trial judge to consider the entire record and flesh out additional facts at the resentencing hearing.

KELLY, C.J. (*dissenting*).

I dissent from the order denying defendant's application for leave to appeal. I believe that the trial court sufficiently justified its downward departure from the sentencing guidelines range with objective and verifiable facts. Specifically, the trial court noted that defendant's age, employment, and educational development since her offenses warranted a downward departure. None of these factors is considered in the sentencing guidelines. Therefore, I cannot conclude that the trial court abused its discretion.

I would grant defendant's application for leave to appeal.

WEAVER and HATHAWAY, JJ., join the statement of KELLY, C.J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 26, 2009

Corbin R. Davis

Clerk